Case 1:14-cv-02704-PAB-CBS   Document 46   Filed 04/28/15   USDC Colorado   Page 1 of 4

Case 1:14-cv-02704-PAB-CBS   Document 46   Filed 04/28/15   USDC Colorado   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02704-GPG

NATHAN YBANEZ,
SIMON SUE,
SAM LINCOLN,
ATORRUS RAINER,
GREG RIVAS, and
PATRICK SUCHAIYA,

    Plaintiffs,

v.

RICK RAEMISCH, In his Official Capacity as Executive Director of the Colorado
    Department of Corrections (CDOC),
LOU ARCHULETA, In his Official Capacity as Director of Prisons for CDOC,
THE SCF MAIL ROOM,
THE SCF PUBLICATION REVIEW COMMITTEE,
BERNADETTE SCOTT, In her Official Capacity as Lieutenant of the SCF Mail Room
    and in her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "DJ," In his/her Individual Capacity,
MICHELLE NYCZ-HALLIGAN, In her Official Capacity as a Major on the SCF
    Publication Review Committee and in her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "PDR," In his/her Individual Capacity,
IRIS CHRISTIANS, In her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "Z SMITH," In his/her Individual Capacity,
UNKNOWN CDOC PUBLICATION REVIEW COMMITTEE,
UNKNOWN ADMINISTRATIVE HEAD,
RANDY OLGUIN, In his Individual Capacity,
PAMELA J. PLOUGHE, In her Individual Capacity,
BUENA VISTA CORRECTIONAL CENTER PUBLICATION REVIEW COMMITTEE,
WILLIAM BRUNELL, In his Individual Capacity,
ANGEL MEDINA, In his Individual Capacity,
SCF CORRECTIONAL OFFICER OCHOA, In her Individual Capacity,
SCF SERGEANT ROBERT HRADECKY, In his Individual Capacity,
ANDRIES PRINSLOO, In his Individual Capacity, and
JOHN CHAPDELAINE, In his Individual Capacity,

    Defendants.

ORDER

At issue is the "Motion for Reconsideration of In Forma Pauperis Status," ECF No. 45, that Plaintiffs filed on April 24, 2015.  Plaintiffs seeks reconsideration of the Court's April 1, 2015 Order denying Plaintiffs leave to proceed pursuant to 28 U.S.C. § 1915.  Plaintiffs contend that it is unfair to Plaintiff Sue to bear the entire cost of "service and prosecution in the case," because there are twenty-one defendants and Plaintiff Sue only has claims against some of them.  ECF No. 45 at 2.  Plaintiffs also contend that they attempted to pay the fee in full previously but the Court denied their request to do so.  Finally, Plaintiffs contend that denying them leave to proceed pursuant to § 1915 also precludes them from having defendants served by the U.S. Marshal Service.

The Court will construe Plaintiffs' request for reconsideration as filed pursuant to Fed. R. Civ. P. 60(b).  *See Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion).  Rule 60(b) allows a court to grant relief from an order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud . . . , misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged . . . ; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Accordingly, a Rule 60(b) motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950); *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). The decision to grant relief under Rule 60(b) is discretionary; and Plaintiffs have the burden to show that exceptional circumstances exist that require the Court to amend or vacate an order. *Servants of Paraclete*, 204 F.3d at 1009 (emphasis added).

The Court will deny the Motion for Reconsideration for the following reasons. First, whether Plaintiff Sue filed a suit individually or with other plaintiffs, like he has done in this case, he is responsible for full payment due to the funds available in his inmate account. Second, the Court denied Plaintiffs' Motion for Order Directing Court Clerk to Accept Payment of Filing Fee, ECF No. 35, because not all Plaintiffs had signed the Motion. Plaintiffs further were instructed in the Minute Order denying the Motion for Order to Accept Payment that the Motion was unnecessary. ECF No. 36. If Plaintiffs want to pay the filing fee in full they should submit the fee. The Court has not denied Plaintiffs the ability to pay the fee. Third, who pays the fee is not the issue. The issue is that leave to proceed without payment of the fee is denied because there are sufficient funds in at least one Plaintiff's account to pay the fee in full prior to initial review of the merits of the claims.

Finally, a prisoner who is denied leave to proceed pursuant to § 1915 is not precluded from service by the U.S. Marshal Service if a case proceeds past initial review. Pursuant to Fed. R. Civ. P. (c)(3), the Court may order that service be made by a United States marshal. Therefore, the Court finds no basis for reconsideration of the April 1, 2015 Order denying Plaintiffs leave to proceed pursuant to § 1915 and ordering them to pay the $350 filing fee in full. Accordingly, it is

ORDERED that the Motion for Reconsideration, ECF No. 45, is denied. It is

FURTHER ORDERED that the Court will allow Plaintiffs fourteen days from the date of this Order to pay the $350 filing fee in full. It is

FURTHER ORDERED that if Plaintiffs fail to pay the filing fee in full, within the time now allowed, the Complaint and action will be dismissed without further notice.

Dated: April 28, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court