IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02704-GPG

NATHAN YBANEZ,
SIMON SUE,
SAM LINCOLN,
ATORRUS RAINER,
GREG RIVAS, and
PATRICK SUCHAIYA,

       Plaintiffs,

v.

RICH RAEMISCH, In his Official Capacity as Executive Director of the Colorado
       Department of Corrections (CDOC),
LOU ARCHULETA, In his Official Capacity as Director of Prisons for CDOC,
THE SCF MAIL ROOM,
THE SCF PUBLICATION REVIEW COMMITTEE,
BERNADETTE SCOTT, In her Official Capacity as Lieutenant of the SCF Mail Room
       and in her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "DJ," In his/her Individual Capacity,
MICHELLE NYCZ-HALLIGAN, In her Official Capacity as a Major on the SCF
       Publication Review Committee and in her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "PDR," In his/her Individual Capacity,
IRIS CHRISTIANS, In her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "Z SMITH," In his/her Individual Capacity,
UNKNOWN CDOC PUBLICATION REVIEW COMMITTEE,
UNKNOWN ADMINISTRATIVE HEAD,
RANDY OLGUIN, In his Individual Capacity,
PAMELA J. PLOUGHE, In her Individual Capacity,
BUENA VISTA CORRECTIONAL CENTER PUBLICATION REVIEW COMMITTEE,
WILLIAM BRUNELL, In his Individual Capacity,
ANGEL MEDINA, In his Individual Capacity,
SCF CORRECTIONAL OFFICER OCHOA, In her Individual Capacity,
SCF SERGEANT ROBERT HRADECKY, In his Individual Capacity,
ANDRIES PRINSLOO, In his Individual Capacity, and
JOHN CHAPDELAINE, In his Individual Capacity,

       Defendants.

---

ORDER TO FILE AMENDED COMPLAINT

---

All Plaintiffs are in the custody of the Colorado Department of Corrections (DOC) and except for Plaintiff Simon Sue are incarcerated at the Sterling Correctional Facility in Sterling Colorado.  Simon Sue according to the DOC website currently is incarcerated at the Kit Carson Correction Center in Burlington, Colorado.  Plaintiffs, acting pro se, initiated this action by filing a Complaint that appears to assert violations of Plaintiffs' First and Fourteenth Amendment rights because Plaintiffs are being denied copies of Penthouse, Playboy, Lowrider, Maxim, Juxtapoz, Show, and Skin and Ink magazines.  Plaintiffs seeks injunctive relief and money damages.

After several attempts of curing the noted deficiencies and dismissal of Plaintiffs who failed to cure deficiencies, the Court found Plaintiffs had available to them sufficient funds to pay the filing fee, which they did on May 1, 2015.  The Court, therefore, will proceed to review the Complaint.

The Court must construe the Complaint liberally because Plaintiffs are *pro se* litigants.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a pro se litigant's advocate.  *See Hall*, 935 F.2d at 1110.  Plaintiffs will be ordered to file an Amended Complaint as follows.

First, because four defendants have been dismissed and their claims no longer are at issue in this case, the Court will direct remaining Plaintiffs to file an Amended Complaint that contains only the claims that pertain to the six remaining Plaintiffs.  Second, in the Complaint Plaintiffs submitted on October 30, 2014, they failed to include all pages of the Court-approved form; all the information requested on Page Three of the Prisoner Complaint form is not provided.  Plaintiffs, therefore, will be

2

directed to file the Amended Complaint on a Court-approved form that contains all pages of the form.  Finally, because the DOC website shows Plaintiff Simon Sue as being incarcerated at the Kit Carson Correction Center in Burlington, Colorado, Plaintiff Sue will be required to confirm his current address.

Plaintiffs also are directed to address the following in the Amended Complaint. Defendant SCF Mail Room is not a person for the purpose of a 42 U.S.C. § 1983 and is not a proper party to this action.  Further, Plaintiffs must demonstrate how each named Defendant personally participated in the asserted claims.  Also, Plaintiffs may use fictitious names, such as "Unknown Administrative Head," and "Unknown CDOC Publication Review Committee," if they do not know the real names of the individuals who allegedly violated their rights.  Plaintiffs, however, must provide sufficient information about these defendants so that they can be identified for the purpose of service.

To establish personal participation, Plaintiffs must show how each individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

3

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Plaintiffs also cannot maintain claims against prison officials or administrators on the basis that they denied their grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished)

(sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Plaintiffs must explain in their Amended Complaint what each defendant did to them, when the defendant did the action, how the action harmed them, and what specific legal right they believe the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiffs file an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Plaintiffs shall obtain the Court-approved Prisoner Complaint form (with the assistance of their case manager(s)or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. The form is to be used to submit the Amended Complaint and must contain all pages provided in the form. It is

FURTHER ORDERED that if Plaintiffs fail within the time allowed to file an Amended Complaint that complies with this Order, the Court will dismiss the action without further notice. It is

FURTHER ORDERED that Plaintiff Simon Sue must confirm his current location and address. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED at Denver, Colorado, this 5th day of ___May___, 2015.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge