IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02704-GPG

NATHAN YBANEZ,
SIMON SUE,
SAM LINCOLN,
ATORRUS RAINER,
GREG RIVAS, and
PATRICK SUCHAIYA,

    Plaintiffs,

v.

RICK RAEMISCH, In his Official Capacity as Executive Director of the Colorado
    Department of Corrections (CDOC),
LOU ARCHULETA, In his Official Capacity as Director of Prisons for CDOC,
BERNADETTE SCOTT, In her Official Capacity as Lieutenant of the SCF Mail Room
    and in her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "DJ," In his/her Individual Capacity,
MICHELLE NYCZ-HALLIGAN, In her Official Capacity as a Major on the SCF
    Publication Review Committee and in her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "PDR," In his/her Individual Capacity,
IRIS CHRISTIANS, In her Individual Capacity,
SCF MAIL ROOM EMPLOYEE "Z SMITH," In his/her Individual Capacity,
UNKNOWN CDOC PUBLICATION REVIEW COMMITTEE,
UNKNOWN ADMINISTRATIVE HEAD,
RANDY OLGUIN, In his Individual Capacity,
PAMELA J. PLOUGHE, In her Individual Capacity,
WILLIAM BRUNELL, In his Individual Capacity,
ANGEL MEDINA, In his Individual Capacity,
SCF CORRECTIONAL OFFICER OCHOA, In her Individual Capacity,
SCF SERGEANT ROBERT HRADECKY, In his Individual Capacity,
ANDRIES PRINSLOO, In his Individual Capacity,
JOHN CHAPDELAINE, In his Individual Capacity, and
MICHAEL MILLER, In his Individual Capacity,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

    This action was commenced by ten inmates. On February 17, 2015, three of the

plaintiffs were dismissed, because they had been released and were required to submit a Court-approved form used by nonprisoners when requesting leaved to proceed pursuant to 28 U.S.C. § 1915, but failed to comply with the Court's directive. Subsequently, a fourth plaintiff was dismissed for failure to provide to the Court a prisoner account statement that covered the entire six months prior to the filing of this action.  After remaining Plaintiffs were directed to pay the filing fee in full, because one plaintiff had sufficient funds in his account to pay the fee, and they paid the fee, the Court directed remaining Plaintiffs to submit an Amended Complaint that addressed only the claims of the remaining Plaintiffs.  On May 28, 2015, Plaintiffs filed an Amended Complaint.

In the Amended Complaint, Plaintiffs allege that as a result of the New Times Settlement Agreement entered into in 2004 in Case No. 00-cv-00612-RPM, the DOC was prohibited from censoring sexually explicit materials unless the materials fit the following criteria:

> Materials that clearly depict or describe bestiality, pedophilia, sadism, masochism, necrophilia, discharge of bodily fluids, oral, anal, or vaginal penetration by animate or inanimate objects, or oral sex.

Am. Compl., ECF No. 55, at 7.  Plaintiffs further assert that on October 16, 2010, the New Time Settlement Agreement expired and within eighteen months the DOC enacted a radically different policy that acted as a *per se* ban of anything with sexual content. Plaintiffs also contend five months later the DOC revamped the policy again, and on November 15, 2012, made any sexually explicit magazines contraband, even those magazines that had been previously processed into the prison system.

Plaintiffs assert that they are not sex offenders and the regulation is a blanket

policy that violates their First and Fourteenth Amendment rights. They have set forth individual claims that identify when each Plaintiff has had publications censored by the Sterling Correctional Facility mailroom. Plaintiffs further assert that the policy subjects Plaintiffs to criminal liability under the Colorado's contraband and obscenity statutes and to prison disciplinary actions. Plaintiffs seek injunctive relief and money damages.

Except for Claim Twelve, which involves Dwight Hazel, who no longer is a plaintiff in this action, and Claim Eleven, to the extent it involves John Demming, who also is no longer is a plaintiff in this action, the claims as asserted against remaining Defendants will be drawn to a presiding judge and when applicable to a magistrate judge. Accordingly, it is

ORDERED that Claim Twelve and Claim Eleven in part, to the extent it involves John Demming, are dismissed from the action. It is

FURTHER ORDERED that the claims asserted against remaining Defendants shall be drawn to a presiding judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this  2nd  day of    June    , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court