IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02704-PAB-CBS

NATHAN YBANEZ,
SIMON SUE,
SAM LINCOLN
ATORRUS RAINER,
GREG RIVAS, and
PATRICK SUCHAIYA,

    Plaintiffs,

v.

RICK RAEMISCH, in his official capacity as Executive Director of the Colorado Department of Corrections (CDOC),
LOU ARCHULETA, in his official capacity as Director of Prisons for the CDOC,
BERNADETTE SCOTT, in her official capacity as Lieutenant of the SCF Mail Room and in her individual capacity,
SCF MAIL ROOM EMPLOYEE "DJ", in his/her individual capacity,
MICHELLE NYCZ-HALLIGAN, in her official capacity as a Major on the SCF Publication Review Committee and in her individual capacity,
SCF MAIL ROOM EMPLOYEE "PDR", in his/her individual capacity,
IRIS CHRISTIANS, in her individual capacity,
SCF MAILROOM EMPLOYEE "Z SMITH", in his/her individual capacity,
UNKNOWN CDOC PUBLICATION REVIEW COMMITTEE,
UNKNOWN ADMINISTRATIVE HEAD,
RANDY OLGUIN, in his individual capacity,
PAMELA J. PLOUGHE, in her individual capacity,
WILLIAM BRUNELL, in his individual capacity,
ANGEL MEDINA, in his individual capacity,
SCF CORRECTIONAL OFFICER OCHOA, in her individual capacity,
SCF SERGEANT ROBERT HRADECKY, in his individual capacity,
ANDRIES PRINSLOO, in his individual capacity,
JOHN CHAPDELAINE, in his individual capacity, and
MICHAEL MILLER, in his individual capacity,

    Defendants.

**ORDER**

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 98] filed on February 25, 2016. The magistrate judge recommends that the Court grant in part and deny in part the Motion to Dismiss Plaintiffs' Third Amended Complaint [Docket No. 80] filed by defendants Raemisch, Archuleta, Scott, Nycz-Halligan, Christians, Smith, Olguin, Brunell, Medina, Hradecky, Chapdelaine, Jimenez, Ochoa, Ryles, and Plough (the "CDOC defendants")[1] and that the Court grant the Motion to Dismiss [Docket No. 81] filed by defendant Miller. The Recommendation states that objections to the Recommendation must be filed within fourteen days after service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 25, 2016. Objections were due on or before March 14, 2016. Plaintiffs Lincoln, Rainer, and Rivas filed a timely objection to the Recommendation. Docket No. 100. Defendants have not objected to the Recommendation.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that

---

[1]The Court assumes that defendants Edward Smith, Deon Jimenez and Robert Ryles, who join the motion to dismiss, are the defendants identified in the complaint as "SCF Mail Room Employee 'Z Smith,'" "SCF Mail Room Employee 'DJ,'" and "SCF Mail Room Employee 'PDR,'" respectively. *See* Docket No. 55 at 1. Plaintiffs indicate in their complaint that they are unsure of defendant "PDR"'s initials and that they might be "BDS." Docket No. 55 at 17, ¶ 19. By process of elimination, "PDR" appears to refer to defendant Ryles.

2

Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiffs' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. ANALYSIS

Plaintiffs were, at all relevant times, inmates at the Sterling Correctional Facility in Sterling, Colorado ("SCF"). Docket No. 55 at 3, ¶¶ 5-9. Plaintiffs bring this lawsuit pursuant to 42 U.S.C. § 1983 alleging numerous violations of the First and Fourteenth Amendments arising from defendants' alleged censorship and seizure of magazines and personal mail that defendants have deemed sexually explicit. Additional relevant facts are set forth in the Recommendation, *see* Docket No. 98 at 2-4, and will not be recited here except as relevant to the Court's de novo review.

The Court has reviewed the portions of the CDOC defendants' motion that the magistrate judge recommends denying and, in the absence of an objection from defendants, is satisfied that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes.

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

The magistrate judge recommends dismissing plaintiffs' claims against defendants who are not at SCF, namely, defendants Miller, Medina, Brunell, Olguin, and Plough as well as the "Unknown CDOC Publication Review Committee" and the "Unknown Administrative Head" (collectively, the "non-SCF defendants") on the ground that plaintiffs do not allege those defendants' personal participation in the deprivation of their constitutional rights. Docket No. 98 at 11-12. Plaintiffs allege that the non-SCF defendants censored material while employed at other Colorado Department of Corrections ("CDOC") or privately-operated prison facilities. See Docket No. 55 at 20-22, ¶¶ 33-38, 41-46. Plaintiffs allege that, pursuant to CDOC Administrative Regulation ("AR") 300-26, when one prison makes a determination that a publication should be censored, that determination "must be followed by all other CDOC prisons." Id at 19, ¶ 31; see also id. at 69-72.[3]

Plaintiffs object to the Recommendation's finding that they failed to allege personal participation of the non-SCF defendants. Plaintiffs argue that personal participation can be indirect and that defendants may be liable under Section 1983 if they set in motion a series of events that would cause others to deprive plaintiffs of their constitutional rights. Docket No. 100 at 1-2 (citing *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007)).

Plaintiffs are correct that a defendant's personal participation need not be direct

---

[3] In their objection, plaintiffs state that the non-SCF defendants "knew" that their censorship decisions "would control in all other prisons in Colorado–absent a successful Facility Appeal to the Director of Prisons by some other prison." Docket No. 100 at 3. The complaint contains no allegations about these defendants' knowledge, however. See Docket No. 55.

in order to find the defendant liable under Section 1983. "The requisite causal connection [under Section 1983] is satisfied if the defendant[s] set in motion a series of events that the defendant[s] knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights." *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). In other words, "[d]efendants are liable for the harm proximately caused by their conduct" and "may be held liable if the [constitutional deprivation] . . . would not have occurred but for their conduct and if there were no unforeseeable intervening acts superseding their liability." *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012).

Pursuant to AR 300-26,[4] if a publication is censored at one prison, the prison will communicate that decision to all other CDOC facility mailrooms. Docket No. 55 at 72, § IV(B)(3)(c). The AR provides that appeals to the Director of Prisons "should be allowed . . . any time that the facility mailrooms cannot reach a uniform opinion on the censorship decision (e.g., the facilities cannot agree regarding a sexually explicit publication)." *Id.* § IV(B)(3)(d)(2). Where an appeal is allowed on a censorship decision made by a facility publication review committee, both inmates and other facilities may appeal that decision to the Director of Prisons. *Id.* § IV(B)(4)(a)(1). Thus, in the case of a censorship decision at a non-SCF prison, one of two things will happen. Either the facility mailrooms, including the SCF mailroom, will all agree on the

---

[4]AR 300-26 is both attached to plaintiffs' complaint, *see* Docket No. 55 at 67-75, and is properly the subject of judicial notice. *See Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (the court "can take judicial notice of agency rules and regulations"); *Muniz v. Kaspar*, No. 07-cv-01914-MSK-MJW, 2008 WL 3539270, at *3 (D. Colo. Aug. 12, 2008) (taking "judicial notice of AR 850-04, the administrative regulation describing the [CDOC] grievance process").

censorship decision or, in the event of disagreement, an appeal will be allowed to the Director of Prisons, who will make the final decision.  In either event, the non-SCF defendants' adverse censorship determinations will have to be ratified by SCF or the Director of Prisons before any censorship of plaintiffs' mail can occur.  This ratification constitutes an "intervening act[]" that "supersed[es] the[] liability" of the non-SCF defendants.  *Martinez*, 697 F.3d at 1255.  Moreover, because officials at each facility, including SCF, are required to monitor mail and censor sexually explicit material,[5] it cannot be said that the alleged constitutional deprivation "would not have occurred but for [the non-SCF defendants'] conduct."  *Id.*  Pursuant to the process detailed in AR 300-26, SCF officials must use their independent judgment to censor a publication, whether or not the publication has previously been censored by another facility. Accordingly, the Court agrees with the magistrate judge that plaintiffs' allegations that the non-SCF defendants' censorship determinations at facilities other than SCF resulted in the deprivation of plaintiffs' constitutional rights are "too attenuated to support liability under § 1983."  Docket No. 98 at 11.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 98] is **ACCEPTED**.  It is further

**ORDERED** that defendant Michael Miller's Motion to Dismiss [Docket No. 81] is

---

[5] *See* Docket No. 55 at 68, § IV(A)(1) ("No sexually explicit items . . . will be retained by offenders"); *id.* at 69-72 (detailing the process by which facilities are to review and render decisions on whether to censor publications).

**GRANTED**.  It is further

**ORDERED** that the CDOC defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint [Docket No. 80] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that plaintiffs' eighth claim for relief is dismissed with prejudice.  It is further

**ORDERED** that defendants Michael Miller, Angel Medina, William Brunell, Randy Olguin, Pamela Ploughe, Unknown CDOC Publication Review Committee, and Unknown Administrative Head are dismissed from this action.

DATED March 23, 2016.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge